**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **Billie Verdi,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No. 5:06-cv-408 (HL) |
| | : | |
| **Deputy Kirby,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

Before the Court are Plaintiff's Motion for a Preliminary Injunction (Doc. 10) and Defendant's Motion to Dismiss. (Doc. 12). For the foregoing reasons, the Motion to Dismiss is granted in part and denied in part, and Plaintiff's Motion for a Preliminary Injunction is denied.

## I. BACKGROUND

The facts of this case are set out in detail in this Court's Order dated June 27, 2007. It is nonetheless helpful to highlight those facts that are particularly relevant to the Motions before the Court. The dispute in the current case centers around a plot of land owned by John W. Roberts and located in Wilkinson County, Georgia. Plaintiff entered into a land sale agreement with Mr. Roberts in 1998, and lived on the land in her mobile home.

Plaintiff eventually became delinquent in her payments to Mr. Roberts under their agreement, and he subsequently began a long legal battle to retake possession of the land.

1

The Superior Court of Wilkinson County, Georgia issued a Writ of Possession on November 15, 2002, which authorized the Sheriff of Wilkinson County to take possession of the property and return it to Mr. Roberts. Plaintiff then filed a petition for bankruptcy, which appears to have stayed execution of the Writ. The stay, however, was only temporary: Plaintiff's petition for bankruptcy was dismissed on December 16, 2004 due to her failure to make timely payments in accordance with her bankruptcy payment schedule.

In July 2005, Plaintiff filed suit in Wilkinson County Superior Court to challenge the Writ, which had yet to be executed. The court rejected the challenge and held that her claims were barred by res judicata. The Georgia Court of Appeals affirmed that decision on July 28, 2006.

On August 11, 2006, Deputy Gary Kirby of the Wilkinson County Sheriff's Department executed the Writ of Possession. Plaintiff claims that Defendant's actions violated her rights under the Fourteenth and Fourth Amendments of the United States Constitution.[1] She claims that the search was unreasonable and that the Writ was invalid and expired. She also alleges that she was not given notice that the writ would be executed and was not home when the Deputy took possession.

---

[1] She also appears to make various claims that are not actionable under 28 U.S.C.A. § 1983. For example she claims the state court did not have jurisdiction over her son and makes vague allegations about someone "kidnaping" his grave. This Court held in its June 27, 2007 Order that all claims except for § 1983 claims against Deputy Kirby were dismissed. This Order therefore addresses only the clams against Defendant Kirby brought pursuant to § 1983.

2

## II. ANALYSIS

### A. Motion to Dismiss

#### 1. Standard

Defendant has moved for a dismissal under Rule 12(b), claiming that this Court lacks subject matter jurisdiction. Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms: facial and factual challenges. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A facial attack presumes the facts in the complaint are true, and the court determines whether those facts support a finding of subject matter jurisdiction. Id. at 1529. A factual attack, by contrast, challenges subject matter jurisdiction by looking to evidence outside the pleadings. Id.

A court presumes the allegations in the complaint are true when it considers a facial challenge; in a factual challenge, however, the plaintiff does not enjoy this safeguard. Id. The court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" when the defendant makes a factual challenge under Rule 12(b)(1). Id.

In the present case, Defendant disputes subject matter jurisdiction by citing to matters outside the pleadings. He presents evidence of the state court proceedings that led to the Writ of Possession against Plaintiff and Plaintiff's subsequent challenge to that Writ. The Court therefore treats the Motion to Dismiss as a factual challenge under Rule 12(b)(1).

#### 2. Rooker-Feldman Doctrine

Defendant asserts that this Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. Under Rooker-Feldman, federal district courts have no appellate

jurisdiction over state court judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also 28 U.S.C.A. § 1257 (West 2006) (giving United States Supreme Court power to review state court judgments). The doctrine therefore bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp., 544 U.S. at 284. "The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (citations and quotation marks omitted).

Determining whether the superior court violated Plaintiff's constitutional rights when it issued the Writ of Possession would necessarily require this Court to review the accuracy of the superior court's decision. Because federal district courts have no appellate jurisdiction over the decisions of state courts, this Court lacks jurisdiction to adjudicate this issue. Plaintiff's claim challenging the validity of the Writ is therefore dismissed.

There is no evidence, however, that the rest of Plaintiff's claims involve a challenge to the state court's decision. She claims that Defendant unlawfully executed an expired Writ. She also contends that the Deputy failed to provide her with adequate constitutional notice of his plans to execute the writ. Rooker-Feldman does not deprive the Court of subject matter jurisdiction over these claims because they are not "inextricably intertwined" with the

4

state court judgment. Whether the state court wrongly or rightly decided the issues before it has no bearing on whether Defendant executed an expired Writ of Possession or whether he failed to provide some constitutionally required notice. This Court therefore has jurisdiction over these two, narrow issues.

### B. Motion for Preliminary Injunction

Plaintiff requests several preliminary injunctions. First, she seeks a protective order over the property in question, and asks that it be returned to her and that she have the right to enter the property to visit her son's grave, which is located there. Second, she claims she was arrested for attempting to visit the property and therefore requests that the Court issue a protective order to prevent her from being arrested. Finally, she claims she has also been arrested for attempting to serve papers related to this lawsuit on Deputy Kirby, and asks the Court to issue an injunction to prevent further arrests and to relieve her of her duty to serve papers on Defendant.

The Federal Rules of Civil Procedure unequivocally state that "[n]o preliminary injunction shall be issued without notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Temporary restraining orders may be granted without notice to the adverse party or that party's attorney only when:

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, <u>and</u> (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b) (emphasis added).

The Motion for Preliminary Injunction clearly states that Plaintiff has not made service on Defendant. (Mot. Prelim. Inj. 7). A preliminary injunction therefore cannot be issued in this case. Plaintiff has also failed to meet the requirements for a temporary restraining order without notice under Rule 65(b). First, she has filed no affidavit or verified complaint. Second, the facts of this case do not support a finding "that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b). Plaintiff claims that she will be arrested for attempting to serve process on Defendant, but the only evidence she has presented to support this claim is proof that she was arrested for trespassing on the property where the grave is located. (Def.'s Ex. Mot. Prelim. Inj. 3). Accordingly, there is no evidence that serving Defendant will result in her arrest, and therefore no basis for concluding that irreparable injury will be suffered unless the Court issues a temporary restraining order.[2] Plaintiff's request for preliminary injunction, or a temporary restraining order in the alternative, is thus denied.

## III. CONCLUSION

The Court cautions Plaintiff that this matters at issue in this case are confined to the constitutional violations that Defendant Deputy Kirby allegedly committed when he executed

---

[2]The Court notes that Plaintiff may serve Defendant's attorney, and may provide service through the mail.

the Writ of Possession. Despite the June 27, 2007 Order dismissing many of Plaintiff's claims, her court filings continue to assert state law causes of action against various parties and seek possession of or access to the property containing her son's ashes. This case is not the proper forum in which to pursue claims against any party except Deputy Kirby. Furthermore, as explained above, this Court lacks jurisdiction to consider the validity of the superior court's decision to grant the Writ of Possession to Mr. Roberts. Rightful ownership of the property is therefore not at issue in this case. Thus, the Court will not address Plaintiff's right to enter or possess the property.

Defendant's Motion to Dismiss for lack of subject matter jurisdiction is granted in part and denied in part. Plaintiff's Motion for Preliminary Injunction is denied.

So ordered, this 22nd day of October, 2007.

                                            *s/ Hugh Lawson*
                                            **HUGH LAWSON, Judge**

tch