**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **Billie Verdi,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 5:06-cv-408 (HL)** |
| | : | |
| **Deputy Kirby,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

## ORDER

Before the Court are Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 28) and Motion to Appoint Counsel (Doc. 27). For the foregoing reasons, the Motion to Proceed In Forma Pauperis is denied in part and dismissed as moot in part, and the Motion to Appoint Counsel is denied.

## I. Introduction

In her Motion to Proceed In Forma Pauperis, Plaintiff requests "permission to commence an action against [Deputy Kirby] without the payment of fees, costs or security." (Pl.'s Mot. Proceed In Forma Pauperis ¶ 1.) She also requests costs for research, participation in the Court's electronic filing system, and taking depositions and copying records. In both this Motion and the Motion to Appoint Counsel she requests

1

that the Count appoint an attorney to assist her with the presentation of evidence and arguments at hearings and at trial.

## I.  Motion to Proceed In Forma Pauperis

This Court has already granted Plaintiff's previous Motion to Proceed In Forma Pauperis in its June 27, 2007 Order (Doc. 8).  Therefore, to the extent her November 16, 2007 Motion (Doc. 28) has already been granted, it is denied as moot.

The Motion also requests that the Court provide payment for costs of prosecuting Plaintiff's action.  Under 28 U.S.C.A. § 1915, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets."  28 U.S.C.A. § 1915 (a)(1) (West 2006).  This statute, which gives a district court discretionary power to allow a plaintiff to proceed in forma pauperis, does not give it any power to finance the plaintiff's discovery or research.  See id.  "As a general rule, indigent litigants bear their own litigations expenses."  Tabron v. Grace, 6 F.3d 147, 159-160 (3d Cir. 1993).  Of course, a plaintiff that ultimately prevails can request that the court impose costs against the adverse party after the conclusion of the case.  See, e.g., Fed. R. Civ. P. 54(d).  But in the present case no party has prevailed and therefore no costs can be assessed. Plaintiff's request for costs is therefore denied.

## II. Motion to Appoint Counsel

Plaintiff's request for appointment of counsel is also denied. A district court has discretion to request that an attorney represent an indigent litigant. 28 U.S.C.A. § 1915(d); see also Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 326 (1989) (holding that the statute does not allow a court to require an unwilling attorney to accept the appointment). These litigants do not, however, have a statutory or constitutional right to appointed counsel. See Tabron, 6 F.3d at 153 (no statutory right); Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993) (no constitutional right).

> Appointment of counsel in civil cases is . . . a privilege "justified only by exceptional circumstances," such as the presence of "facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." [Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir.1987)]. The key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.

Kilgo, 983 F.2d at 193.

The claims that remain in this case are those against Deputy Kirby for executing an expired writ of possession against Plaintiff and his failure to provide adequate constitutional notice before executing the writ. As such, the case presents no especially complex facts or legal arguments. In addition, the Court has placed no onerous procedural burdens on Plaintiff. C.f. Kilgo, 983 F.2d at 193 (calling district court's insistence that plaintiff comply with complex procedures "daunting"). Although Plaintiff's claims would no doubt be easier to prosecute with the assistance of an attorney,

the same is true for virtually all litigants who proceed pro se.  This reason is therefore not sufficient to create the "exceptional circumstances" that are necessary to justify appointment in a civil case.  Plaintiff's requests for appointment of counsel in both of her Motions are therefore denied.

So ordered, this 19th day of November, 2007.

*s/   Hugh Lawson*
**HUGH LAWSON, Judge**

tch