**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **BILLIE VERDI,** | : | |
| **Plaintiff,** | : | |
| v. | : | 5:06-CV-408 (HL) |
| **DEPUTY GARY KIRBY,** | : | |
| **Defendant.** | : | |

## ORDER

Before the Court is a document styled "Motion for Request for Entry Rule 34." (Doc. 47). For the reasons set out below, that Motion is denied. In addition, the Court cautions Plaintiff against further violations of court orders limiting the scope of the litigation. If she fails to abide by the Court's prohibition against addressing issues irrelevant to this case, she may face sanctions including the possibility of dismissal with prejudice.

**I. ANALYSIS**

    **A. Rule 34 Motion**

Plaintiff requests that the Court allow her to enter onto the property from which she was evicted in order to assess recent damage to her son's grave. Defendant Deputy Kirby executed the writ of possession that removed her from this property in 2006. Plaintiff claims she needs court-ordered access to the property so that she

may take pictures of the damage to the grave site, which she alleges is on the property. It appears from her Motion that she is currently subject to a restraining order that prevents her from entering the land.

As this Court's orders have repeatedly reaffirmed, the scope of the present lawsuit is limited to whether the writ of possession that Deputy Kirby executed was expired, whether the Constitution required him to provide some notice, and whether any notice he provided prior to executing the writ was constitutionally sufficient. See Order of June 27, 2006 at 6; Order of October 22, 2007 at 4-5; Order of November 19, 2007 at 3; Order of May 8, 2008 at 1. Damage to a grave site is not relevant to the disputed issues, and Plaintiff's Motion is therefore denied.

### B. Possibility of Sanctions

Despite the Court's continued warnings against doing so, Plaintiff persists in making reference to grievances involving matters that are not at issue in this case. In a Motion for Preliminary Injunction, Plaintiff requested that she be allowed to enter the property to visit her son's grave. (Doc. 23). The Court denied the Motion, and she responded with a Motion for Reconsideration (Doc. 25). She also filed a "Motion for Return of Child," in which she sought the return of what she considers the grave of her son, Danny (Doc. 35). Both the Motion for Reconsideration and the Motion for Return of Child were denied on the ground that they were outside the scope of the lawsuit. See Order of May 8, 2008.

Nonetheless, subsequent to the Court's dismissal of those Motions, Plaintiff

2

filed an "Opinion of Plaintiff to Court" (Doc. 51). This document requests no specific relief, but continues Plaintiff's pattern of raising concerns that are not at issue in this lawsuit. For example, she notes that her son Danny was tortured and killed and that she can no longer sue the perpetrators of that crime. She again makes reference to the "illegal retaining of Danny." Doc. 51 at 3. Finally, as noted above, the Rule 34 Motion is yet another example of Plaintiff's violation of the Court's Orders limiting the relevant issues in the case.

Plaintiff is advised that continuing to violate the Court's orders regarding the relevant issues in this case could result in severe consequences. Under Federal Rule of Civil Procedure 41, upon a defendant's motion, a district court has the authority to dismiss an action for failure to comply with a court order. A court may also sua sponte issue sanctions to a party who fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f). Those sanctions may include requiring the non-complying party to pay the reasonable expenses that the opposing party incurred as a result of the noncompliance. Id. 16(f)(2). In addition, where there is evidence of willful contempt or delay and lesser sanctions would not suffice, then the action may be dismissed with prejudice. Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Dismissal with prejudice is, however, a sanction of last resort. Id.

Despite the leniency courts give to pro se litigants, dismissal may be an appropriate sanction because Plaintiff's refusal to abide by the Court's limitations on the scope of this action appears to be willful. For example, her "Opinion" begins with

3

an apology to the Court. The document acknowledges the "court order saying [Danny] is not within the scope of the issues." Doc. 51 at 3. Plaintiff is therefore aware that her filings violate the Court's orders. Plaintiff may not have been aware, however, of the consequences of her actions, and the Court therefore declines to issue sanction at this stage of the litigation. Nonetheless, if Plaintiff does not cease to raise issues that she clearly knows should not be raised, the Court may sanction her in some way, which could include dismissal of the case with prejudice.

## III. CONCLUSION

According to Plaintiff's "Opinion," the only reason she filed this lawsuit was to reclaim the ashes of her deceased son. That relief is not available in this case. Deputy Kirby does not have possession of them, and even if Plaintiff prevails on the merits of the case, the damages recoverable against Deputy Kirby would not include return of those ashes. The Court recognizes that Plaintiff has suffered a terrible personal tragedy in the loss of her son. That tragedy does not, however, alter the fact that the issues in this case are narrow. Persisting in attempts to expand those issues wastes the resources of the Court and of opposing counsel and will no longer be tolerated.

**SO ORDERED**, this the 3rd day of July, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch