# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **Billie Verdi,** | : | |
| **Plaintiff,** | : | |
| v. | : | Civil Action No. 5:06-cv-408 (HL) |
| **Deputy Kirby,** | : | |
| **Defendant.** | : | |

# Order

Defendant's Motion for Summary Judgment is currently pending before the Court. Plaintiff is proceeding pro se and may not be aware of the "subtleties of modern motion practice." See Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (directing courts to provide notice to pro se litigants facing a motion for summary judgment "of the summary judgment rules, [their] right to file affidavits or other material in opposition to the motion, and of the consequences of default"). The Court thus deems it appropriate and necessary to advise Plaintiff of her right to respond to Defendant's Motion for Summary Judgment, and of the consequences she will suffer if she fails to file a response thereto.

Rule 56(c) of the Federal Rules of Civil Procedure, dealing with motions for summary judgment, provides as follows:

> The motion must be served at least 10 days before the

> day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). Although the Rule makes reference to hearings, under the procedures and policies of this Court, motions for summary judgment are normally decided on briefs. The Court considers the pleadings and any discovery and disclosure materials on file, together with any affidavits submitted by the parties, in deciding whether summary judgment is appr opriate under Rule 56; the parties may submit their arguments to the Court by filing briefs in support of or briefs in opposition to said motions.

Under the law, the party upon whom a motion for summary judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails or refuses to file any affidavits or other materials in opposition to the motion for summary judgment, a final judgment may be rendered against him if otherwise appropriate under the law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Id.; Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). Although the evidence and all factual inferences therefrom must be viewed by the Court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on her

pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or other materials in order to persuade the Court that there are material facts which exist in the case which must be presented to a jury for resolution. See Van T. Junkins & Assoc. v. U.S. Indus., Inc., 736 F.2d 656, 658 (11th Cir. 1984).

Failure of Plaintiff to respond to and rebut the statements set forth in Defendant's affidavits or other sworn pleadings will result in those statements being accepted as the truth. If the Court finds that Defendant has satisfied his burden on motion for summary judgment, the Motion will be granted and there will be no trial or other further proceedings.

Therefore, it is hereby ordered that the Clerk serve a copy of this Order on Plaintiff at the last address provided for her. The time for Plaintiff's response and Defendant's reply is governed by the Local Rules. After the briefing schedule has expired, the Court will take the Motion under advisement.

**SO ORDERED**, this the 13th day of August, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch