IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **Billi Verdi,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 5:06-cv-408(HL) |
| : | |
| **Deputy Kirby,** : | |
| : | |
| Defendant. : | |
| : | |

# ORDER

Before the Court is Defendant's Motion for Summary Judgment (Doc 61). For the following reasons, the Motion for Summary Judgment is granted.

## I. BACKGROUND

The facts of this case are set out in detail in this Court's Orders dated June 27, 2007 and October 22, 2007. It is nevertheless helpful to highlight those facts that are particularly relevant to the Motion before the Court. The dispute in the current case centers around a plot of land owned by John W. Roberts and located in Wilkinson County, Georgia. Plaintiff entered into a land sale agreement with Mr. Roberts in 1998, and lived on the land in her mobile home.

Plaintiff eventually became delinquent in her payments to Mr. Roberts under their agreement, and he subsequently began a long legal battle to retake possession of the land. On November 15, 2002, the Superior Court of Wilkinson

County, Georgia, finding Plaintiff in substantial default of the land sale agreement for failure to pay amounts due, ordered and adjudged that a Writ of Possession be issued.[1] (Def.'s Mot. Summ. J., Ex. A 67-69.) The Writ, which was signed and dated the same day as the judgment, directed the Sheriff of Wilkinson County to take possession of the property and return it to Mr. Roberts. (Id. at 70.) Plaintiff then filed a petition for bankruptcy, which stayed the execution of the Writ. The stay, however, was only temporary: Plaintiff's petition for bankruptcy was dismissed on December 16, 2004 due to her failure to make timely payments in accordance with her bankruptcy payment schedule.

In July 2005, Plaintiff filed suit in Wilkinson County Superior Court to challenge the Writ, which had yet to be executed. That court rejected the challenge and held that her claims were barred by res judicata. The Georgia Court of Appeals affirmed that decision on July 28, 2006.

In August of 2006, after the superior court was notified that Plaintiff's petition for bankruptcy was dismissed, it directed Deputy Gary Kirby of the Wilkinson County Sheriff's Department to execute the Writ. (Def.'s Mot. Summ. J., Ex. C.) Deputy Gary Kirby executed the Writ on August 11, during which time Plaintiff was not present. Plaintiff claims that Defendant Kirby's actions have

---

[1] Plaintiff was served with a Notice of Hearing, setting November 6, 2002 as the date for a Final Hearing on Mr. Roberts Complaint to recover the land. (Def.'s Mot. Summ. J., Ex. A 55.) Plaintiff attended the Final Hearing. (Verdi Dep. 51: 23-25, June 30, 2008.)

violated 42 U.S.C. § 1983 for violation of her rights under the Fourth and Fourteenth Amendments of the United States Constitution, alleging she was not given notice that the Writ would be executed and alleging that the Writ was expired.[2]

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment must be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). When considering a motion for summary judgment, the Court must evaluate all of the evidence, together with any logical inferences, in the light most favorable to the nonmoving party. Id. at 254-55. The Court may not, however, make credibility determinations or weigh the evidence. Id. at 255; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

---

[2] This Court held in its June 27, 2007 and October 22, 2007 Orders that all claims except for § 1983 claims against Defendant Kirby were dismissed. This Order therefore addresses only the claims against Defendant Kirby brought pursuant to § 1983.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted). If the moving party meets this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the nonmoving party is not entitled to a judgment as a matter of law. Id. at 324-26. This evidence must consist of more than mere conclusory allegations. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Under this scheme summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

**B. Defendant's Motion for Summary Judgment**

Defendant argues that he is entitled to absolute quasi-judicial immunity, or in the alternative qualified immunity, for executing the Writ. Absolute quasi-judicial immunity derives from absolute judicial immunity. Turney v. O'Toole, 898 F.2d 1470, 1474 (10th Cir. 1990). Judges enjoy absolute judicial immunity from liability for their judicial acts, provided such acts are not done in the "'clear

absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 357, 98 S. Ct. 1099, 1105, 55 L. Ed.2d 331 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351, 20 L. Ed. 646 (1872)).

Similarly, law enforcement personnel are cloaked with a judge's absolute immunity when executing a facially valid court order. Roland v. Phillips, 19 F.3d 552, 556 (11th Cir. 1994). This immunity is necessary so that officials assigned to carry out a judge's orders can perform their function without the need to secure permanent legal counsel. Id. "When 'we have a writ which is fair on its face, issued from a court which had jurisdiction both of the parties and of the subject matter of the suit in which it was issued, and which was issued in the regular course of judicial proceedings by that court, and which the officer of the court in whose hands it was placed is bound to obey,' the implementing officer is protected in executing the court's mandate." Id. at 556 (citing Matthews v. Densmore, 109 U.S. 216, 218, 3 S. Ct. 126, 127, 27 L. Ed. 912 (1883)).

Furthermore, even an erroneous order may be facially valid. Id. at 556 (citing Turney, 898 F.2d at 1473). If a law enforcement personnel's quasi-judicial immunity were only applicable to the extent a judicial order fulfills every legal requirement, they would be "required to act as pseudo-appellate courts scrutinizing the orders of judges." Valdez v. City & County of Denver, 878 F.2d 1285, 1289 (10th Cir. 1989). There are limits, however, to how unlawful a court order can be and still immunize law enforcement personnel executing it. "[A]

state official is not absolutely immune from damages arising from the executing of an order issued by a judge acting 'in the 'clear absence of all jurisdiction.'" Turney, 989 F.2d at 1474 (citing Stump, 435 U.S. at 357).  Nor is a state official absolutely immune when they are not acting in furtherance of their official duties. Roland, 19 F.3d at 556; see also Turney, 898 F.2d at 1474 ("[Q]uasi-judicial immunity will not attach to state officials acting outside the scope of their jurisdiction.") (internal citations and quotations omitted).

Here, the Writ was issued in favor of Mr. Roberts on November 15, 2002, in connection with his civil suit against Plaintiff in superior court.  The Writ, which commanded the Sheriff of Wilkinson County to deliver to Mr. Roberts the land in dispute, was given to Defendant Kirby for execution.  Although the yet to be executed Writ was administratively stayed pending resolution of Plaintiff's bankruptcy case, the stay was lifted in August of 2006.  Once the administrative stay was lifted, Defendant Kirby, was ordered to execute the Writ.  As evidenced by the testimony set forth in the affidavit of Judge John Parrott, the superior court judge that issued the Writ, Defendant Kirby did not have the authority or obligation to inquire into the merits of the underlying court order.  (Def.'s Mot. Summ. J., Ex. C.)

Plaintiff's argument in response to Defendant's claim of quasi-judicial immunity is essentially that Defendant Kirby is not shielded from liability because the Writ was not facially valid.  In support of this argument, Plaintiff alleges that

the Writ was expired at the time of execution. This argument appears to be premised solely upon the fact the Writ was issued on November 15, 2002, but not executed until August 11, 2006.[3] However, as the Writ was administratively stayed during that time period, this argument is without merit.

Plaintiff also contends that Defendant violated her procedural due process rights in failing to provide notice prior to the execution of the Writ. As an initial matter, as noted in this Court's October 22, 2007 Order, under the Rooker-Feldman doctrine, federal district courts have no appellate jurisdiction over state court judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also 28 U.S.C.A. § 1257 (West 2006) (giving United States Supreme Court power to review state court judgments). Thus, to the extent Plaintiff challenges procedural inadequacies in the superior court issuing the Writ, such challenges can not be adjudicated by this Court.

---

[3] In her Response to Defendant's Motion for Summary Judgment (Doc. 74), Plaintiff states that a writ of possession is expired if not executed within 7 days of date of issuance. (Pl.'s Resp. Mot. Summ. J., Doc. 74, p. 7; see also Chatman Dep. 17: 16-17, March 28, 2008.) Plaintiff fails, however, to provide any statutory authority for this proposition. Additionally, even assuming the order was expired, that would not render it facially invalid. As stated previously, "'[f]acially valid' does not mean 'lawful.' An erroneous order can be valid." Roland, 19 F.3d at 556. The superior court judge's ordering of the execution of the Writ, assuming it was expired, also would not constitute an act in the clear absence of all jurisdiction, by which the Defendant would be divested of quasi-judicial immunity. See Henzel v. Gerstein, 608 F.2d 654, 658 (5th Cir. 1979) (noting that the clear absence of jurisdiction exception to absolute immunity "refers to situations in which a judge acts purely in a private and non-judicial capacity").

To the extent Plaintiff alleges violations of procedural due process after judgment and issuance of the Writ, Defendant would be immune, if not by quasi-judicial immunity, by qualified immunity.[4]  Qualified immunity is a protection designed to allow government officials to avoid the expense and disruption of trial.  Ansley v. Heinrich. 925 F.2d 1339 (11th Cir. 1991).  An official is entitled to qualified immunity if he is performing discretionary functions and his actions do "'not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1424 (11th Cir. 1997) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed.2d 396 (1982)).  "For qualified immunity to

---

[4] The scope of quasi–judicial immunity extends to a defendant's conduct that is prescribed in a court order, but does not extend to conduct which goes beyond that ordered by a court order.  Nicholson v. Moates, 159 F.Supp.2d 1336, 1350 (citing Martin v. Bd. of County Comm'rs, 909 F.2d 402, 405 (10th Cir. 1990)); see also Christophe v. Morris, 198 Fed.Appx. 818, 825-26 (11th Cir. 2006) (noting distinction between challenging a courts ruling and challenging the manner in which it is carried out).  It contrast to cases where the plaintiff clearly is challenging not just a court's ruling, but the manner in which it was carried out, see, e.g., Nicholson, 159 F.Supp.2d 1336 (finding quasi-judicial immunity analysis inapplicable to challenge of deputies' actions that were not explicitly ordered by a court order relating to seizure of property), this case does not appear to challenge any particular conduct that Defendant did or did not do.  More specifically, Plaintiff fails to allege that Defendant Kirby, in particular, was responsible for providing certain notice requirements.  However, liberally construing Plaintiff's *pro se* complaint, the Court nevertheless provides an analysis of qualified immunity.  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (explaining that "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

be surrendered, preexisting law must dictate, that is, truly compel (not just suggest or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." Lassiter v. Ala. A&M Univ., 28 F.3d 1146, 1150 (11th Cir. 1994). To assess the Defendant's qualified immunity defense, the Court must examine whether the Defendant can establish that they were performing discretionary functions, and, if so, whether Plaintiff can show that the Defendant's conduct violated clearly established rights of which a reasonable person would have known.

Before becoming eligible for qualified immunity, a government official must show that he was engaged in a "discretionary function" when he performed the act of which the plaintiff complains. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1263-64 (11th Cir. 2004) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed.2d 396 (1982)). Here, Defendant was unquestionably performing a discretionary function when he executed the court order. See Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994) (defining discretionary functions as those "undertaken pursuant to the performance of [the official's] duties" and "within the scope of his authority"). Defendant is therefore entitled to assert the protection of qualified immunity.

Once qualified immunity is properly invoked, "the burden shifts to the plaintiff to show that the defendant is not entitled to" its protection. Cottone v.

Jenne, 326 F.3d 1352, 1358 (11th Cir. 2003).  To overcome qualified immunity, a plaintiff must show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation.  Holloman, 370 F.3d at 1264.  Plaintiff contends that, under Georgia law, prior to the execution of the Writ is required service of notice of Defendant's execution of the property, listing of the property on the county execution docket, and placing bond with the county court clerk of superior court or magistrate court.[5]  (Pl.'s Resp. Mot. Summ. J., Doc. 71, p. 2-3.)  Plaintiff neither provides any statutory or other legal support for these alleged requirements nor proffers any evidence, apart from mere conclusory factual allegations asserted in the complaint and opposition to the present motion, that such procedures were not followed.[6]  Both Defendant Kirby and Wilkinson County Sheriff Richard Chatman, on the other hand, state in

---

[5] Violations of state law do not necessarily give rise to violations of § 1983 procedural due process claims.  In other words, Plaintiff must show not that Defendant violated state statutes, but that Defendant provided insufficient process due under the federal Constitution   See First Assembly of God v. Collier City, 20 F.3d 419, 421 (11th Cir. 1994); Harris v. Birmingham Bd. of Educ., 817 F.2d 1525, 1527 (11th Cir. 1987).

[6] Variegated throughout Plaintiff's briefs in opposition to Defendant's motion for summary judgment are numerous citations to Georgia code provisions.  None of those provisions, however, are relevant to the issues raised in the present motion.  See O.C.G.A. § 44-13-1 (relating to homestead exemptions); O.C.G.A. § 18-3-15 (relating to a defendant's right to post seizure hearing after a writ of attachment is issued); O.C.G.A. § 15-13-1 (permitting suit against officers of the court for official acts); O.C.G.A. § 9-15-2 (relating to cost of commencing suit for *pro se* plaintiffs); O.C.G.A. § 9-6-63 (relating to service of process for writs of quo warranto).

their depositions that the property was listed on the county's execution docket and that, to their knowledge, the requisite legal procedures were followed. (Kirby Dep. 16: 3-5, 12: 25, 13: 1-2, March 28, 2008; Chatman Dep. 24: 11-13, March 28, 2008.) Moreover, even if Defendant had contacted the judge who issued the Writ for execution to verify whether it should be executed, the judge would had answered in the affirmative. (Def.'s Mot. Summ. J., Ex. C.) Having proffered no evidence that Defendant deprived Plaintiff of certain required procedures before executing the Writ, this Court must conclude, therefore, that Plaintiff has failed to carry the burden of establishing any constitutional violation.

Furthermore, even if there were a genuine issue of fact as to whether the property was first placed on the county's execution docket, which there is not, that fact would not be material. The Court must conclude that the Defendant would be still be entitled to qualified immunity because there is no clearly established law of which this Court is aware that a Deputy, acting at the direction of a facially valid court order, signed by a judge of competent jurisdiction, to execute a writ of possession that was issued after adequate notice and hearing, must provide any additional process not explicitly commanded by an order before executing that order. The Court must conclude, therefore, that summary judgment is GRANTED on the grounds of quasi-judicial immunity, or in the alternative, qualified immunity.

**SO ORDERED**, this the 16th day of January, 2009.

<u>*s/ Hugh Lawson*</u>
**HUGH LAWSON, Judge**

wjc