**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **BILLI VERDI,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | **5:06-CV-408-HL** |
| **DEPUTY KIRBY,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |
| | : | |

# ORDER

Before the Court is Plaintiff's Motion to Appoint Counsel (Doc. 88) and Motions to Proceed In Forma Pauperis on Appeal (Docs. 81, 85, 88).  For the following reasons, Plaintiff's motions are denied.

Plaintiff's application to proceed in forma pauperis is governed by Title 28, United States Code, Section 1915 and by Rule 24 of the Federal Rules of Appellate Procedure.  Congress has conferred on this Court the power to "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."  28

U.S.C. § 1915(a)(1).[1]  However, "the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2)(A)-(B).

Here, Plaintiff is requesting permission to proceed in forma pauperis for purposes of appealing the Court's January 16, 2009, order granting Defendant's Motion for Summary Judgment (Doc. 75).   Congress promulgated provisions specific to motions to proceed in forma pauperis on appeal: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Id. § 1915(a)(3).[2]  An appeal is not taken in good faith as contemplated by § 1915 when an in forma pauperis applicant seeks the review of issues which can be deemed frivolous from an objective standpoint. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691-92 (M.D. Fla.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

[2] Further, the Federal Rules of Appellate Procedure also govern motions to proceed in forma pauperis:
> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: (A) shows in the detail prescribed by the Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990).

"Determination of good faith necessitates an inquiry into the appeal's merits, but such inquiry is limited to whether appeal involves legal points arguable on their merits, and is therefore not frivolous, and does not require that probable success be demonstrated." Busch, 189 F.R.D. at 692. "In deciding whether an IFP appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (citing Watson v. Ault, 525 F.2d 886, 892 (5th Cir. 1976)). The ultimate determination of whether the appeal is taken in good faith–and therefore not frivolous–is within the discretion of this Court. See Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 337 (1948) ("We know of few more appropriate occasions for use of a court's discretion than one in which a litigant, asking that the public pay costs of this litigation, either carelessly or wilfully and stubbornly endeavors to saddle the public with wholly uncalled-for expense.").

Here, the Court concludes that Plaintiff cannot proceed in forma pauperis because her appeal is not taken in good faith. As reflected in this Court's January 16, 2009 order granting Defendant's Motion for Summary Judgment, Defendant is clearly entitled to quasi-judicial immunity and qualified immunity. In addition, the undersigned notes that Plaintiff has not provided a legal point on which to base the appeal of the dismissal of her Amended Complaint pursuant to Rule 24(a)(1)(C) of the Federal Rules of Appellate Procedure.

Accordingly, this Court certifies that Plaintiff's appeal is not taken in good faith. Plaintiff's Motions to Proceed In Forma Pauperis (Docs. 81, 85, 88) on appeal and Motion to Appoint Counsel are DENIED.[3]   Plaintiff is advised to consult Rule 24(a)(5) of the Federal Rules of Appellate Procedure.

SO ORDERED, this the 2nd day of March, 2009.

*s/  Hugh Lawson*
**HUGH LAWSON, Judge**

wjc

---

[3] Plaintiff's Motion to Appoint Counsel (Doc. 88) is denied pursuant to 28 U.S.C. § 1915(e)(1), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel."  The Supreme Court has held that this provision does not require mandatory appointments of counsel and does not require, once requested, to accept.  See Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 301-08, 109 S. Ct. 1814, 1818-22, 104 L. Ed. 2d 318 (1989).